**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

NATHALIA ANTONIUS,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 10-72201

Agency No. A099-885-026

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2012[**]

Before:     RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

Nathalia Antonius, a native and citizen of Indonesia, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we review de novo due process claims, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We deny the petition for review.

Antonius's experiences in Indonesia, including verbal harassment and two robberies, do not compel a finding of past persecution. *See Halim v. Holder*, 590 F.3d 971, 975-76 (9th Cir. 2009) (incidents of mistreatment, including arbitrary arrest and detention by police and beating at the hands of rioters, did not compel finding of past persecution). Further, substantial evidence supports the BIA's determination that, even under a disfavored group analysis, Antonius failed to show sufficient individualized risk to establish eligibility for asylum. *See id.* at 977-79. Because the BIA already applied disfavored group analysis based on Antonius's status as a Chinese Christian, we decline to remand for further proceedings in light of *Tampubolon v. Holder*, 610 F.3d 1056 (9th Cir. 2010). Accordingly, we deny the petition as to Antonius's asylum claim.

Because Antonius failed to demonstrate eligibility for asylum, she necessarily failed to satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence supports the BIA's denial of CAT relief because Antonius failed to demonstrate it is more likely than not she will be tortured if returned to Indonesia. *See Wakkary*, 558 F.3d at 1067-68. Accordingly, Antonius's CAT claim fails.

Finally, we reject Antonius's due process claim because she failed to establish that she was prejudiced by the "indiscernible" notations in the transcript of her hearing before the immigration judge. *See Gutierrez v. Holder*, 662 F.3d 1083, 1091 (9th Cir. 2011) (to prevail on a due process claim, petitioner must prove that alleged violation prejudiced her interests).

**PETITION FOR REVIEW DENIED.**